IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-46,226-02






EX PARTE TRAVIS TREVINO RUNNELS








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


CAUSE NO. W-48950-01-D IN THE 320TH JUDICIAL DISTRICT COURT

POTTER COUNTY






 Per Curiam. 

 


O R D E R



 This is a post conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 In October 2005, applicant was convicted of the offense of capital murder. The jury
answered the special issues submitted pursuant to Article 37.071, Tex. Code Crim. Proc.,
and the trial court, accordingly, set punishment at death. This Court affirmed applicant's
conviction and sentence on direct appeal. Runnels v. State, No. AP-75,318 (Tex. Crim. App.
September 12, 2007). 

 In his application, applicant presents eleven allegations in which he challenges the
validity of his conviction and resulting sentence. In his first allegation, he claims that he was
denied effective assistance of counsel because trial counsel's decision not to present any
punishment phase evidence was based on an inadequate mitigation investigation. See
Strickland v. Washington, 466 U.S. 668 (1984); Wiggins v. Smith, 123 S. Ct. 2527 (2003). 
The reasons for counsel's conduct do not appear in the habeas corpus record. Accordingly,
we remand the application to the trial court for consideration of this claim. 

 Applicant further alleges in his second allegation that his guilty plea was involuntary
because counsel led him to believe that they would present mitigating evidence at the
punishment phase. We remand the application to the trial court for consideration of this
claim to the extent that it is not procedurally barred, and to the extent that it impacts the first
allegation of ineffective assistance of counsel. 

 Further, in considering these claims, the trial court shall direct trial counsel Laura
Hamilton to respond to the claims in a live evidentiary hearing. Following the receipt of live,
testimonial evidence, the trial court shall make any findings of fact and conclusions of law
relevant and appropriate to the disposition of these claims. A supplemental transcript shall
thereafter be returned to this Court. 


 This application for habeas corpus relief will be held in abeyance pending the trial
court's compliance with this order. The trial court shall resolve the issues presented within
90 days of the date of this order. (1) A supplemental transcript containing counsel's affidavit
and any additional findings of fact and conclusions of law shall be returned to this Court
within 120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 8TH DAY OF JUNE, 2011.


Do Not Publish 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.